6   442|
e114 445'

## GEORGE FOSTER & Co. *v.* H. J. BAER et al.

The payment of a sound price entitles the purchaser to a sound article.

Where pork was purchased in New Orleans to be shipped to Boston, which on its arrival at the latter port was found damaged, and sold at a loss, it appearing from the evidence that it was damaged when sold in New Orleans, the purchaser is entitled to a deduction of the price, the amount of which is to be ascertained by the difference between the price for which it was sold, and the market price of the article in New Orleans at the date of the original sale.

To render inspectors of pork liable as warrantors, the purchaser ought to require a certificate from the inspectors of an inspection recently made. The usage of trade to regard a mere receipt of the inspector's from their warehouse as equivalent to a certificate of inspection, is not sufficiently established to bind the inspectors as warrantors upon such a receipt.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *M. M. Cohen*, for plaintiffs. *J. Livingston* and *M. M. Reynolds*, for defendants. The judgment of the court was pronounced by

PRESTON, J.  On the 10th of June, 1850, the plaintiffs purchased from the defendants five hundred barrels of pork.  They paid a sound price, and were entitled to a sound article.  One hundred and eighty barrels of the pork were received from the inspection store of *Bozant & Co.*, on the 30th of June, and shipped to Boston, on 10th of July, 1850, consigned to *Harrod Darling & Co.* It arrived without accident, on 20th of August.  Within two or three days after landing, the lot was partially examined, and found to be sour, rusty and bad.

The plaintiffs thereupon tendered it back to the defendants; and notified them, that in case of refusal to accept the tender, they would cause a careful and legal survey of the pork, and dispose of it to the best advantage of all concerned.  The tender of the pork was not accepted, and they caused it to be inspected : it was found to be unsound, and they sold it at auction.  There was a loss of upwards of two dollars a barrel; for which the plaintiffs bring suit.

A *deputy* of the Inspector General of Massachusetts, and who had been employed as an inspector twenty-five or thirty years, inspected the pork, and testifies that it was sour; which he attributes to the pickle, either by putting it in new pickle, or that which was not properly made; and that the damage must have occurred while it was at New Orleans.

*Farrell*, a dealer in the article in Boston, examined about forty barrels indiscriminately, and found them in an unmerchantable and unsound state.  He proves that the value of sound mess pork at the time was about eleven dollars; while this unsound lot sold at auction, under very favorable circumstances, for a little over nine.

*Thwing*, also a dealer in pork, examined the lot and found it sour and tainted : certainly not worth within two dollars a barrel of the value of a sound article. The contents of all the barrels were more or less sour and unsound; and it must have occurred before shipment, as it seemed uniform in all the barrels.  He attributed the injury to the pickle, or else because the pork was not well packed.

The testimony of these witnesses, who saw and examined the pork, and were capable of judging of its quality, was the best testimony the nature of the case admitted, and admissable though excepted to on the ground that the Inspector General of Massachusetts should have been examined, who probably never saw the pork, nor was more capable of judging its quality than the witnesses examined.

The pork was not damaged or injured in taking it from the inspection house to the vessel, as proved by the shipping clerk.  The vessel had a favorable voyage; and the other cargo was of a character to forbid the idea that the injury occurred on shipboard.  This uncontradicted testimony satisfies us that the pork was unsound when purchased, especially as no counteracting testimony has been offered by the defendants, except the slight presumption arising from the fact that no complaint was heard as to other pork sold to them at the same time, and subsequently disposed of by them.

The proceedings of the plaintiffs, under these circumstances, were fair and honorable; and the rate of loss on the pork was properly ascertained by the favorable sale of the unsound article.  But this rate should be applied to the market price of sound pork in New Orleans, at the time of the sale to the defendants.

It is urged that they violated the laws of Louisiana, in shipping the pork without having caused it to be inspected within thirty days before the shipment. But the 1st section of the act of the 11th of March, 1848, to render inspection

FOSTER
*v.*
BAER.

voluntary, was overlooked; which authorizes the owner of produce to ship it without inspection, any law to the contrary notwithstanding.

The defendants had a right to call their vendors in warranty, (Code of Practice, art. 379,) and did so; but did not cause the suit to be put at issue between them by judgment by default or otherwise obtaining an answer, so that no judgment can be rendered against them. The cause must be remanded for further proceedings as to them.

The defendants also called the inspectors in warranty; and the facts of the case are so analogous to those in the case of *Tardos* against the same inspectors, 1 Ann. 199 and 200, that if the case could be finally disposed of, we should be inclined to render judgment against them.

But the defendants did not cause the pork to be inspected; and have no action against the inspectors, especially since inspections have been rendered voluntary by law. They can only recover from the inspectors, through their warrantors, *Martin, Owen & Co.*, who had the pork inspected, but more than two months before they sold it to the defendants.

In the case of *Tardos*, the plaintiff, in purchasing the pork, took a certificate of inspection. The only testimony in this case, is the inspectors' receipt for the pork from their warehouse; which *Mr. Wheeler*, the broker, testifies, by the usages of trade, is proof of a good article, and that he paid the price of inspected pork on behalf of the defendants.

To charge the inspectors as warrantors, this usage and understanding should be more distinctly established. They might, if called upon for a certificate which would clearly render them liable as warrantors, have re-inspected the article, especially if inspected by them about four months before, as in this case; or if the article was about to be exported, might have refused the certificate until the pork was re-inspected.

It is decreed that the judgment of the district court be reversed; and that the case be remanded for further proceedings, according to the views herein expressed; and that the appellee pay the costs of the appeal.